**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 08-CV-00108-WYD-MEH

ROBERT MONTGOMERY,

    Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS OF DOUGLAS COUNTY, COLORADO, a body corporate and politic, and
WESLEY A. RIBER, in his individual capacity,

    Defendants.

## ANSWER

Defendants, **BOARD OF COUNTY COMMISSIONERS OF DOUGLAS COUNTY, COLORADO**, by their attorneys, **OFFICE OF THE COUNTY ATTORNEY, DOUGLAS COUNTY, COLORADO**, and **WESLEY A. RIBER**, by his attorneys, **SENTER GOLDFARB & RICE, L.L.C.**, answer and respond to Plaintiff's Complaint as follows:

### ANSWER

1. Defendants admit the allegations contained in Paragraph 6 of Plaintiff's Complaint.

2. Defendants deny the allegations contained in Paragraphs 11, 14, 15, 22, 24, 26, 27, 28, 29, 30, 31, 32, 33, and 34 of Plaintiff's Complaint.

3. Defendants are without sufficient information and knowledge to enable them to form a belief as to the veracity of the allegations contained in Paragraphs 4, 9, 16, 17, 20, and 21 of Plaintiff's Complaint and, as a result, deny same.

4. With respect to the allegations contained in Paragraphs 10, 13, 18, and 19 of Plaintiff's Complaint, Defendants are without sufficient information and knowledge to enable them to form a belief as to the veracity as to the allegations concerning Plaintiff's state of mind, but the Defendants deny all substantive allegations contained in said paragraphs.

5. With respect to the allegations contained in Paragraph 1 of Plaintiff's Complaint, Defendants admit that Plaintiff was formerly employed as Assistant Chief Deputy Coroner of Douglas County; however, Defendants deny all other allegations contained in said paragraph.

6. With respect to the allegations contained in Paragraphs 2 and 3 of Plaintiff's Complaint, Defendants admit that this Court has jurisdiction to hear Plaintiff's First Amendment retaliation claim, and further admit that venue is proper in this Court with respect to such claim.

7. With respect to the allegations contained in Paragraph 5 of Plaintiff's Complaint, Defendants admit that Douglas County is subject to C.R.S. § 30-11-101; however, Defendants deny all other allegations contained in said paragraph.

8. With respect to the allegations contained in Paragraphs 7 and 8 of Plaintiff's Complaint, Defendants admit that Plaintiff was employed by Douglas County from December 23, 2002 through May 29, 2007, that his position at date of termination was Assistant Chief Deputy Coroner, that his summary of performance assessment total score was 4.08 for the 2005/2006 review period, and that he received an increase

in annual salary in the amount of $7,200.00 effective August 21, 2006; however, Defendants deny all other allegations contained in said paragraphs.

9. With respect to the allegations contained in Paragraph 12 of Plaintiff's Complaint, Defendants admit that in the case of the death of Jack Acree, the Coroner's report found the cause of death to be arteriosclerotic heart disease and the manner of death to be a natural death; however, Defendants deny all other allegations contained in said paragraph.

10. With respect to the allegations contained in Paragraph 23 of Plaintiff's Complaint, Defendants admit that Plaintiff was suspended effective May 23, 2007 and he was terminated effective May 29, 2007; however, the Defendants deny all other allegations contained in said paragraph.

11. Defendants hereby incorporate their responses to those paragraphs that are re-alleged in Paragraph 25 of Plaintiff's Complaint.

12. Defendants deny all allegations not otherwise expressly admitted herein.

## **DEFENSES**

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted against these Defendants.

2. Plaintiff's claims are subject to and barred by *Garcetti*.

3. The *Pickering* balance weighs in favor of Defendants.

4. Defendants are immune from Plaintiff's claims based upon the doctrines of absolute and/or qualified immunity.

5. Although Plaintiff was an at-will employee, he was terminated for good cause.

6. Plaintiff has failed to reasonably mitigate his alleged damages.

7. Defendants reserve the right to add such additional defenses as become apparent upon disclosure and discovery.

## REQUEST FOR RELIEF

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendants request the Court grant relief as follows:

a. Dismissing Plaintiff's Complaint with prejudice;

b. Entering judgment in favor of Defendants and against Plaintiff for their attorney fees;

c. Entering judgment in favor of Defendants and against Plaintiff for costs; and

d. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Fed.R.Civ.P. 38, Defendants hereby demand that this case be tried to a jury of not less than six.

Respectfully submitted,

s/ Michelle B. Whisler
*Michelle B. Whisler*
Senior Assistant County Attorney
Douglas County Attorney's Office
100 Third Street
Castle Rock, CO 80104
Telephone: (303) 660-7414
FAX: (303) 668-6596
E-mail: attorney@douglas.co.us
*Attorney for Douglas County*
*Board of County Commissioners*

        s/ Thomas S. Rice
***Thomas S. Rice***

        s/ Gillian M. Fahlsing
***Gillian M. Fahlsing***
Senter Goldfarb & Rice, L.L.C.
1700 Broadway, Suite 1700
Denver, CO 80290
Telephone: (303) 320-0509
FAX: (303) 320-0210
E-mails: trice@sgrllc.com; gfahlsing@sgrllc.com
*Attorneys for Wesley A. Riber*

**Defendants' Addresses:**

Douglas County Commissioners' Office
100 Third Street
Castle Rock, CO 80104

Douglas County Coroner's Office
4000 Justice Way
Castle Rock, CO 80109

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on this 29th day of February, 2008, I electronically filed a true and correct copy of the above and foregoing **ANSWER** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email address:

jaculver@bc-law.com

        s/ Stephanie Hood
Stephanie Hood
E-mail: shood@sgrllc.com
Secretary for Thomas S. Rice and
Gillian M. Fahlsing

00296228

5