IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00108-WYD-MEH

ROBERT MONTGOMERY,

    Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS OF DOUGLAS COUNTY, COLORADO, a body corporate and politic, and
WESLEY A. RIBER, in his individual capacity,

    Defendants.

## ORDER ON PLAINTIFF'S AMENDED MOTION TO COMPEL

Pending before the Court is Plaintiff's Amended Motion to Compel [filed December 30, 2008; docket #33]. The motion is fully briefed and can be adjudicated without oral argument. For the reasons stated below, the Court **grants** the Motion to Compel.

### I. Background

Plaintiff was formerly the Assistant Chief Deputy Coroner of Douglas County, Colorado. He alleges he was terminated in retaliation for complaining about matters of public concern. One of those matters involved Dr. Ben Galloway, a forensic pathologist who contracts with Douglas County to conduct autopsies. The County provides autopsy services for rural counties in Colorado. Dr. Galloway performs these autopsies. On occasion, Dr. Galloway has used several Douglas County employees (Wesley Riber and Patricia Dunn) as assistants and has paid them by personal check for their services. The amounts that Riber and Dunn have made over the past seven years or so totals approximately $1765 and $1455 respectively, according to Dr. Galloway, Riber and Dunn. Plaintiff contends that he raised these payments as a possible conflict of interest and, immediately thereafter, Riber and Dunn stopped talking to Plaintiff and, ultimately, Riber terminated Plaintiff.

The Plaintiff subpoenaed Dr. Galloway and requested documents concerning these payments for the time period 2002-2008. Following the deposition and some communications among counsel, Dr. Galloway has produced or agreed to produce checks for 2006-2008, but not for 2002-2005. Dr. Galloway has not made an appearance in connection with this motion, but counsel for Defendants has made arguments in his favor, and Dr. Galloway submitted a personal letter to the Court explaining his record keeping practices.

In his motion, the Plaintiff seeks copies of checks for 2002-05.[1] Defendants assert that, since they are stipulating to the amounts Dr. Galloway stated he paid to Riber and Dunn, requiring Dr. Galloway to go through the expense and trouble of obtaining additional copies of checks is duplicative and unnecessary. Defendants argue that, considering their admission that the checks were issued to Riber and Dunn, the checks themselves are not of sufficient relevance to require their production by Dr. Galloway.

The Court would agree with Defendants if, in fact, *Plaintiff* were stipulating to the number and amount of checks that Dr. Galloway issued to Riber and Dunn. In such case, the Plaintiff already has some checks, and has the amounts of other checks issued by Dr. Galloway, so requiring Dr. Galloway to track down all of the checks that he admits were issued would be unduly burdensome and of little additional relevance. The problem here is that Defendants are essentially telling the Plaintiff to "take our word for it, these were the checks that were written and this is the amount of the checks." Here, however, Plaintiff does not take their word for it. Instead, Plaintiff states, "The Defendant's defense to [Plaintiff's claim of conflict of interest] is that Dr. Galloway's payments to Riber and Dunn have been *de minimis*. . . . The checks from 2002 to the present are

---

[1]As of the filing of Plaintiff's Reply, Dr. Galloway had not yet produced checks for 2007. The Court assumes that the parties' representations concerning agreement to produce checks for 2007 will be honored.

relevant and indeed critical in order for Plaintiff's counsel to effectively test Defendant's articulated defense." Motion at 4. Additionally, in his Reply, Plaintiff does not agree to accept Riber's and Dunn's representations "that Dr. Galloway has issued only a certain number of checks for certain amounts in certain years," Reply at 2, in part because Dr. Galloway, Riber and Dunn allegedly have a motive to "dissemble." *Id.* Under these circumstances, the Plaintiff has articulated a sufficient basis for production of the records, which certainly are finite in number.

In his motion, Plaintiff explicitly seeks only the production of those checks that already have been acknowledged in this litigation, which will confirm dates and amounts. That will be the limit of this Order. Dr. Galloway may choose to gather the records himself[2] or execute a release to permit Plaintiff to subpoena them from Dr. Galloway's bank. It is his choice. Of course, in the alternative, the parties and Dr. Galloway are free to explore other options by agreement as a means to obtain copies of the checks.

Accordingly, for the reasons stated above, the Court ORDERS that Plaintiff's Amended Motion to Compel [filed December 30, 2008; docket #33] is **granted**.

Dated at Denver, Colorado, this 29th day of January, 2009.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[2]If Dr. Galloway chooses to obtain the records himself, he must submit to the Plaintiff in advance an itemized estimate of the total cost of this effort. Failing that, the Court will not require Plaintiff to participate in the expense. In the event Dr. Galloway does provide an itemized estimate, Dr. Galloway must allow Plaintiff to object and bring the matter again to this Court's attention before he undertakes the retrieval of the checks.